NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WALTER M. BROWN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1160

---

Petition for review of the Merit Systems Protection Board in No. DA-844E-15-0398-C-1.

---

Decided: April 11, 2017

---

WALTER M. BROWN, Pine Bluff, AR, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before DYK, MOORE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mr. Brown appeals a final decision of the Merit Systems Protection Board that dismissed his petition for enforcement of a prior Board decision and order in his favor. The Board's factual determination that the Office of Personnel Management complied with the order is not challenged, and the Board correctly determined that it lacks authority to grant the additional relief requested by Mr. Brown. We therefore *affirm*.

BACKGROUND

While working for the U.S. Postal Service, Mr. Brown suffered from several disabling conditions, and he applied for disability retirement benefits under the Federal Employees' Retirement System ("FERS"). The Office of Personnel Management ("OPM") denied his application for FERS benefits in December 2014 and denied his request for reconsideration in April 2015.

The Board reversed, finding that Mr. Brown proved his entitlement to disability retirement. Accordingly, the Board ordered OPM to provide him with FERS disability retirement benefits and interim payments within twenty days after its initial decision became final. The initial decision became final on February 26, 2016, and neither party appealed, so Mr. Brown should have received benefits beginning on March 17, 2016.

Before that deadline—on March 14—Mr. Brown filed a petition for enforcement of the Board's decision seeking monetary damages for every day OPM's payment was delayed. Although the record is not clear on this point, Mr. Brown's receipt of the interim payments may have been delayed due to an administrative error that occurred when OPM direct deposited the funds into Mr. Brown's bank account.

The Board denied the petition, finding that OPM proved its compliance with the Board's order by prepon-

derant evidence. The record revealed that OPM authorized Mr. Brown's FERS benefits, paid him a lump sum for the period from April 2015 to February 2016, and commenced interim payments in March 2016. Mr. Brown did not contest that he received those payments. With respect to the requested monetary damages, the Board determined that it lacks authority to award such damages due to an alleged delay in OPM's compliance. Mr. Brown appeals.

## DISCUSSION

We have jurisdiction to review the Board's final decisions. 28 U.S.C. § 1295(a)(9). We must affirm unless the Board's decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Brown does not challenge the Board's factual determination that OPM proved its compliance. Nor does he contest receipt of FERS disability benefits. Instead, it seems that Mr. Brown continues to seek damages for a delay that may have occurred in his receipt of interim payments. The Board correctly determined that its lacks any statutory authority to award monetary damages for any such delay. The Board's authority to enforce compliance with its orders is limited to the discretion to prevent certain employees from receiving their salary during a period of non-compliance. 5 U.S.C. § 1204(e)(2).

To the extent that Mr. Brown also contends that he is not receiving his elected health or life insurance benefits, the Board lacks jurisdiction over such claims, which must be filed in a United States district court or the Court of Federal Claims. 5 U.S.C. §§ 8701, 8912. We therefore *affirm*.

## AFFIRMED

Costs

No costs.