## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JONATHAN M. MCFARLANE,<br>    Appellant, | DOCKET NUMBER<br>NY-0841-19-0076-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: June 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonathan M. McFarlane</u>, Queens Village, New York, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member\*

\*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of a decision of the Office of Personnel Management (OPM) denying his request for a refund of deductions from his disability retirement annuity under the Federal Employees' Retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

System (FERS) that purportedly were made for the Federal Employees Health Benefits (FEHB) program. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant argues that the administrative judge misconstrued his claim as concerning OPM's administration of the FEHB program. Petition for Review (PFR) File, Tab 1 at 5-6. Specifically, he asserts that OPM began making withholdings from his FERS disability retirement annuity from March 4, 2011, but he was not covered by an FEHB carrier until August 1, 2014. *Id.* at 5. He further contends that, although OPM labeled its withholdings as FEHB premiums, there is no evidence that OPM provided premiums to any participating FEHB carrier during the relevant period. *Id.* at 6. Thus, because he claims that there is no indication that the disputed withholdings implicated the FEHB program, he argues that the appealed matter concerns OPM's administration of his FERS disability retirement annuity. *Id.* at 5-6.

We are not persuaded by the appellant's arguments. As properly noted in the initial decision, the U.S. Court of Appeals for the Federal Circuit has rejected the argument that any reduction in a retiree's annuity payments affects the rights

or interests of the annuitant under the retirement statute and therefore is reviewable by the Board. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 11; *see Miller v. Office of Personnel Management*, 449 F.3d 1374, 1379-80 (Fed. Cir. 2006). The court found that this theory would give the Board very broad authority over a wide variety of substantive claims simply because of the mechanism used to collect the obligations stemming from the claims, contrary to Congressional intent. ID at 11; *see Miller*, 449 F.3d at 1379-80. Here, the appealed matter concerns the appellant's request to OPM for a refund of deductions from his FERS disability retirement annuity. ID at 1, 3-5. However, his request for a refund is based on the premise that the deductions were improper because he did not receive any FEHB coverage during the relevant period. IAF, Tab 16 at 4-5; *McFarlane v. Office of Personnel Management*, MSPB Docket No. NY-0841-18-0009-I-1, Appeal File, Tab 20 at 6-8. Thus, we find that the underlying matter concerns OPM's administration of the FEHB program. We further find that the administrative judge properly characterized the appellant's claim as concerning the FEHB program. ID at 12.

As properly explained in the initial decision, claims concerning the FEHB program generally are beyond the Board's jurisdiction. ID at 5; *see Chamblin v. Office of Personnel Management*, 112 M.S.P.R. 266, ¶ 7 (2009). However, the Board has recognized that there are limited exceptions to the general rule that it lacks jurisdiction over such claims, such as when the claim arises in the context of a petition for enforcement of a final Board decision or when the case concerns a request to waive recovery of an annuity overpayment caused by the retroactive application of premiums for the FEHB program. ID at 5-6; *see Chamblin*, 112 M.S.P.R. 266, ¶¶ 11-14.

Here, the administrative judge found that the circumstances of this appeal do not fall under an exception to the general rule that the Board lacks jurisdiction

over claims concerning the FEHB program.[2]   ID at 8-12.  The administrative judge considered the appellant's reliance on *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108 (2006), to support his argument that the Board has jurisdiction over the instant appeal.  ID at 8-10.  However, the administrative judge found that *Lua* is distinguishable because it concerned a petition for enforcement while the present case does not.  ID at 10.  The appellant challenges this finding on review.  PFR File, Tab 1 at 5-6.

We agree with the administrative judge's finding that *Lua* is distinguishable because it arose in the context of a compliance proceeding.  ID at 10.  The Board held in *Lua* that it had jurisdiction to review OPM's deductions of premiums for the Federal Employees' Group Life Insurance program as an issue of compliance from the Board's final decision granting the appellant's disability retirement annuity.  *Lua*, 102 M.S.P.R. 108, ¶ 8.  Thus, the Board's jurisdiction in *Lua* was based on its enforcement authority.  *See Hunt v. Office of Personnel Management*, 114 M.S.P.R. 590, ¶ 6 (2010) (explaining that the Board derives its enforcement authority from 5 U.S.C. § 1204(a)(2), which authorizes the Board to order any Federal agency or employee to comply with the Board's decisions and orders issued under its jurisdiction).  Here, however, the appellant has not filed a petition for enforcement.

Moreover, the administrative judge properly noted in the initial decision that the appellant is not precluded from seeking relief in a Federal district court or the U.S. Court of Federal Claims.  ID at 13 n.4; *see Threadgill v. Merit Systems Protection Board*, 230 F.3d 1372, **1-2 (Fed. Cir. 1999) (Table) (affirming the Board's decision, which noted that the appellant could appeal OPM's final decisions on her FEHB claims to the appropriate district court or the U.S. Court of Federal Claims, pursuant to 5 U.S.C. § 8912).  The appellant argues

---

[2] The appellant does not dispute, and we discern no reason to disturb, the administrative judge's finding that this appeal does not fall under the type of exception arising in cases concerning requests to waive the repayment of annuity overpayments.  PFR File, Tab 1 at 6; ID at 8, 11-12.

on review that he cannot bring his case to these courts because he has not made a claim concerning the FEHB program. PFR File, Tab 1 at 5. We find this argument unavailing because it does not address the dispositive jurisdictional issue in this appeal. In addition, we cannot issue an advisory opinion on whether the appellant can successfully bring his case to another court. 5 U.S.C. § 1204(h).

Accordingly, we affirm the initial decision dismissing this appeal for lack of jurisdiction. *See, e.g.*, *Brown v. Office of Personnel Management*, 684 F. App'x 960, 961 (Fed. Cir. 2017) (finding that the Board lacked jurisdiction over the appellant's claims that he was not receiving his elected health or life insurance benefits);[3] *Hudson v. Office of Personnel Management*, 114 M.S.P.R. 669, ¶¶ 3, 10-12 (2010) (dismissing for lack of jurisdiction the appellant's appeal of an OPM reconsideration decision denying his request for a retroactive adjustment of his health insurance premiums).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, the Board finds the court's reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.